**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 10, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff - Appellee,<br><br>v.<br><br>FANICE ANDREA REED,<br>a/k/a Fanice Jones,<br><br>　　Defendant - Appellant. | No. 22-1008<br>(D.C. No. 1:21-CR-00142-CMA-1)<br>(D. Colo.) |

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **KELLY**, and **ROSSMAN**, Circuit Judges.
_____

Fanice Andrea Reed pleaded guilty to theft or conversion of government property in violation of 18 U.S.C. § 641. She was sentenced to serve 27 months in prison. Although her plea agreement contained a waiver of her appellate rights, she filed a notice of appeal. The government has moved to enforce the appeal waiver in the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived [her] appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. The government asserts that all of the *Hahn* conditions have been satisfied.

Appellate counsel for Ms. Reed filed a response and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), conceding "that any appeal [including any opposition to the Motion to Enforce] would be wholly frivolous." Resp. at 1 (internal quotation marks omitted). Ms. Reed has also filed a brief pro se response in which she expresses dissatisfaction with trial counsel's representation, but acknowledges that "to move forward" with an ineffective assistance of counsel claim, "[she] would need to file a [28 U.S.C. §] 2255 [motion]" in district court. Pro Se Resp. at 1. She does not offer any arguments in response to the government's motion to enforce or otherwise challenge her appellate counsel's determination that any opposition to the motion to enforce would be frivolous.

Based on counsel's and Ms. Reed's concessions and our independent review of the record, we grant counsel's motion to withdraw, grant the government's motion to enforce the appeal waiver, and dismiss the appeal. This dismissal does not affect Ms. Reed's right to pursue post-conviction relief on the grounds permitted in her plea agreement.

Entered for the Court
Per Curiam

2